UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 5:18-cr-61-1-2 |
| | ) | |
| SAM BENT and | ) | |
| DJENEBA BENT, | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO SUBPOENA WITNESSES AND FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Sam Bent, by and through counsel, Stephanie M. Greenlees, Esq. of KAPLAN AND KAPLAN, and hereby requests the Court issue an Order subpoenaing the following witness for the March 21, 2019 hearing on Defendant's Motion to Suppress and Requests for Franks Hearing at the Government's expense pursuant to the Criminal Justice Act and for production of documents.

### 1. Homeland Security Investigations Agent Fred Divigard

Defendant is seeking an order subpoenaing Agent Fred Divigard as a witness at the March 21, 2019 hearing because Agent Divigard can offer relevant testimony on *Franks* issue concerning the affiant's omission from the April 3, 2018 search warrant that the unknown white powder substance found in the trash seized by agents on March 27, 2018 lab tested negative for any regulated substances on April 2, 2018. As evidence that the affiant omitted these lab results intentionally or with reckless disregard for the truth, Defendant has offered a Report of Investigation ("ROI") prepared by Homeland Security Investigations ("HSI") Agent Jamie West which submitted on May 15, 2018 and states as follows: "on April 2, 2018, Forensic Chemist Wendy P. Alger reported to the reporting agent that the unknown powder was examined and was found to contain no regulated substances." See Defendant's Motion to Suppress and Request for



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

1

Franks Hearing, Exhibit D for ROI dated May 15, 2018, p. 3.  HSI Agent in Charge Fred

Divigard approved Agent West's ROI on May 14, 2018.

The Government claims Agent West and the affiant were not aware that the that unknown

white powder substance lab tested negative for the presence of any controlled substances prior to

the April 3, 2018 search warrant application. While Defendant has no reason to believe the

agents are lying, Agent West's ROI dated May 15, 2018 (stating that "on April 2, 2018, Forensic

Chemist Wendy P. Alger reported to the reporting agent that the unknown powder was examined

and was found to contain no regulated substances") is inconsistent with the Government's claim.

Agent Divigard reviewed and approved Agent West's ROI and, therefore, can provide material

testimony as to the credibility of the content therein, including Agent West's statement therein

that chemist Wendy Alger notified him of the negative lab results on April 2, 2018, and also as to

whether he reviewed any documentation prior to approving the ROI. Undersigned counsel

requested the Government make Agent Fred Divigard available as a witness at the March 21st

hearing, the Government refused.

WHEREFORE, the Defendant respectfully requests the Court issue an Order to subpoena

Agent Fred Divigard for the March 21st hearing as a witness and order that he produce the

following to Defendant by or before March 19, 2019: any and all correspondence and

documentation relating to chemist Alger's April 2, 2018 lab report, of chemist Alger notifying

Agent West of the lab results, and that Agent Divigard reviewed in connection with his approval

of the Agent West's May 15, 2018 ROI.

### 2.    Vermont State Police Sergeant Sean Loan

Defendant is seeking an order subpoenaing Sergeant Sean Loan of the Vermont State

Police Narcotics Investigation Unit as a witness at the March 21, 2019 hearing because Sergeant



Loan can offer material testimony on the Franks issue concerning the field tests which he conducted during the March 29, 2018 extended border search. The Defendant contends the affiant knowingly or with reckless disregard for the truth omitted from the affidavit that the substance was not properly field tested for heroin and that the field tests conducted did not produce a positive identification for heroin. The Government disputes this.

Sergeant Loan's testimony at the March 21st hearing is material given that he conducted the very field tests at issue. Undersigned counsel requested the Government make Sergeant Loan available as a witness at the March 21st hearing, the Government refused stating that Sergeant Loan "is on medical leave and as of last week unable to drive."

WHEREFORE, the Defendant respectfully requests the Court issue an Order to subpoena Vermont State Police Sergeant Loan as a witness for the March 21st hearing and order him to produce a copy of the following documents to Defendant by or before March 19, 2019: (a) NARK II instructions that pertain to and accompany the field tests conducted on March 29, 2018 (the NARK II 10 Special Opiates Reagent and NARK II 10 Fentanyl Reagent), and (b) NARK II field test instructions and materials made available to Vermont State Police Narcotics Investigations Unit relating to NARK II field test color interpretation and field testing a substance for heroin.[1]

---



KAPLAN and KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

[1] Please note, Defendant's undersigned counsel requested the Government produce the NARK II 10 Special Opiates Reagent and 10 Fentanyl Reagent field test instructions via an email to AUSA Michael Drescher on March 6, 2019 and during a telephone conversation with AUSA Drescher on March 12, 2019. The Government has not produced the requested discovery.

DATED at Burlington, Vermont this 14th day of March, 2019.

Respectfully Submitted By,

SAM BENT
By Counsel

KAPLAN AND KAPLAN

By: /s/ Stephanie M. Greenlees
Stephanie M. Greenlees, Esq.
95 St. Paul Street, Suite 405
Burlington, Vermont 05401
(802) 651-0013
(802) 448-3478 (f)
sgreenlees@kaplanlawvt.com



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA · SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

4