UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No 5:18-cr-61-1 |
| ) | |
| SAM BENT ) | |
|     Defendant ) | |

MOTION FOR ISSUANCE OF A
PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney Christina E. Nolan, United States Attorney for the District of Vermont, hereby moves for issuance of a Preliminary Order of Forfeiture. In support of this motion the Government submits the following:

1. On March 21, 2019, Sam Bent pleaded guilty to Counts 1 and 7, 8 and 9 of the Indictment charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 in Count 1 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) in Counts 7, 8 and 9. In his plea agreement with the government, Bent agreed to forfeit to the United States a money judgment in the amount of $14,000.

2. The entry of a Preliminary Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

3. Once the Preliminary Order of Forfeiture is entered, the government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. See *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that

1

judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp.2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

WHEREFORE, by virtue of the plea agreement, and the determination of the amount of money derived from the offense for which the Defendant has been convicted, a money judgment for $14,000 should be entered against Defendant Sam Bent.

Accordingly, the United States respectfully requests that this Court enter a judgment of criminal forfeiture by issuing the proposed Preliminary Order of Forfeiture before or at the time of sentencing and shall be made part of the sentence and included in the judgment.

Dated at Burlington, in the District of Vermont, this 25th day of March, 2019.

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

/s/ *Michael P. Drescher*
MICHAEL P. DRESCHER
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725