Sam Bent                                    Case No. 5:18-CR-61-1
Reg #12189-082  Unit: J-A
FMC Devens
P.O. Box 879
Ayer, Ma 01432

4-10-20

Hon. Judge Crawford
U.S. Courthouse and Federal Building
P.O. Box 945
Burlington, VT 05402

    And

Hon. Geoffrey W. Crawford
PO Box 478
Rutland, VT 05702-0478


Judge Crawford,

    As I have never written a federal judge before, please accept my apologies for any mistakes that I make in regards to courtesy or proper formalaties. I will do my best to be as concise as possible. Recently, the Federal Bureau of Prisons (referred hereafter as "BOP") has finally enabled the Law Library in the cellblock due to numerous complaint's in regards to lack of access to legal

- 1 -

material. I have sporadic access to a typewriter, at best. My apologies for subjecting you to my handwriting.

## Memorandum of Points

I am writing to you in the hope that in some way you may be able to provide me with relief in regards to my incarceration. Even a temporary stay would be welcome, until the pandemic of COVID-19 is over. I feel that to be incarcerated at this time is tantamount to a potential death sentence. That has been a reality for many people so far throughout the United States, including those in the care and custody of the BOP. I feel that the imposed sentence, justified and have no issues serving it under conditions that do not involve death. I self-surrendered as ordered and would do so again if so ordered in the future.

As COVID-19 continues to tear through BOP facilities, the BOP continuously attempts to downplay the severity of the pandemic in order to prolong the release of inmates.

## BOP Mitigation Efforts Have Been Shown to be Ineffectual

Recently, the ACLU in a federal lawsuit [regarding Oakdale] stated "imagine someone who has been diagnosed with COVID-19 running into your home shutting all the windows and locking the doors with you inside." Unfortunately, for people who are currently incarcerated, this is the current reality.

- 2 -

There exists a massive mismatch between the BOP's impotent "mitigation efforts" (listed in appendex A), and the scope and severity of the current health crisis.

As late as March 19, 2020 the government was characterizing COVID-19 in BOP facilities as a non-issue. [Governments Opposition to Defendants Emergency Motion to Reopen Detention Order, United States v. Grayson, No. 2:19-CR-135-JLR, Dkt. 40 (W.D. Wash. Mar 19, 2020) ("The risk of [a COVID-19] outbreak is speculative at this time. Currently, there are no reported cases of COVID-19 at any facility operated by the Bureau of Prisons")]

However, on March 13, 2020 it was announced at FMC Devens, that all visits would be suspended for 30 days. This was a full 6 days prior to the governments position that COVID-19 getting into a BOP facility would be "speculative". From the start the BOP has never been prepared for an epidemic or pandemic.

Five days after the Governments statements (that were made on March 19, 2020), they were forced to acknowledge the presence of COVID-19 in BOP facilities. Seemingly, disregarding that fact, still denied compassionate release to inmates, when petitioned for citing the pandemic as causation.

[Objection to time-sensitive Supplemental Brief in Support of Compassionate Release, United States v. Esparza, No. 1:07-CR-294-BLW, Dkt. No. 121 (D. Idaho Mar 24, 2020)("Thanks to BOP efforts... as of today despite tens of thousands of confirmed COVID-19 cases across the country, only 3 (three) inmates in the BOP custody, and only 3 (three) BOP staff members have been diagnosed with COVID-19.")]

-3-

emphasis added.].

As the number of those infected with COVID-19 in BOP custody continued to rise, the Government continued to respond with nonchalance.

[United States Response to Defendant's Motion to Reconsider Pretrial Release Change in Circumstances, United States v. Henry, Case No. 4:19-CR-790, Dkt. 28 (E.D. Mo. Mar. 25, 2020) ("Thanks to BOP efforts, despite tens of thousands of confirmed cases, across the country, only 6 (six) inmates in BOP custody has [sic] been diagnosed with COVID-19 as of today.") emphasis added.]

As of this writing, 75 inmates in BOP custody a 39 staff members have tested positive for COVID-19 (https://www.BOP.gov/coronavirus/ accessed April 3, 2020 at 11:39 AM PST). This represents a 1,250% in infected inmates in 1 week.

The updated numbers the BOP put out a few hours later that same day were 91 infected inmates and 50 staff, a 82% increase in a matter of only 6 hours!

Two days later, on 4/6/2020 the BOP had reported 200 inmates and 63 staff were infected, an increase of 45%. A spokeswoman for the BOP stated shortly after that that "We (the BOP) is no longer doing testing [for COVID-19] and assuming everyone (in Oakdale facility) has it."

One commentary aptly put it "[T]hey are playing Russian Roulette with peoples lives." - New York Times article Published 3/30/20. Attorney General Barr issued a memorandum entitled "Increasing use of Home Confinement at Institutions Most effected by COVID-19" Therein, the Attorney General makes the finding that "Emergency conditions are materially affecting the functions of the Bureau of

-4-

Prisons, and recommended increased use of Home Confinement. The memorandum goes on to suggest that "inmates with a suitable confinement plan, will generally be appropriate candidates for Home Confinement, rather than continued detention at institutions in which COVID-19 is materially affecting their operations."

I respectfully submit that FMC Devens meets this criteria, specifically; the quarantining of the entire facility and individual units, the moving of the sick and elderly to units after quarantining procedures were in effect, the constant Hippa law violations that are taking place daily in the unit by having medical staff come 3 times a day and disclose issues in the dayroom, the daily (emphasis added) policy changes instituted on a whim by non medical staff concerning medical issues, all and more both effecting and affecting material operations of the facility and those kept in it.

Should relief be granted for me, I would reside in Vermont, with my wife and daughter at the same address that was listed in my pre release status. This would obviate the need for air travel or any type of pubic transportation and allow me to immediately self-quarantine.

### Courts Across the Country Continue to Respond to This Rapidly Evolving Crisis By Releasing Inmates

As I wrote at the start, I am not a lawyer and have limited insight into legal proceedings, be it formal or informal. I do understand that setting a precedent, judicially is as import-

-5-

ant as maintaining one that has been set under the doctrine of stare decisis. That said, being in federal prison there is very limited access to new cases in the law library. The ones cited here were found by external assistance of friends and family. I am writing this letter/motion/memorandum/brief or whatever you want to call it potentially, for my life.

The Honorable Terry J. Hatter, Jr. stated in his March 30, 2020 order releasing Defendant Faor Abdallah Fraihat from custody based on the danger of COVID-19;

> "[T]his is an unprecedented time in our nations history filled with uncertainty, fear and anxiety. But in the time of crisis, our response to those at particularly high risk must be compassion and not apathy. The Government cannot act with callous disregard for the saftey of our fellow human beings."

Fraihat v. Wolf, et al., Case No. 20-cv-00590-TJH (KSx) (C.D. Cal. March 30, 2020) (noting risk of asymptomatic spread and unsafe conditions in immigration detention mean "[T]he balance of equities tip sharply in [Fraihat's] favor" and thus ordering release).

Thankfully, in the face of the BOP's ineffective efforts to safeguard the health of its charges, federal courts have begun granting release orders for numerous inmates, including those serving lengthy sentences [in prison]. Based, largely on the

-6-

danger posed by COVID-19. *United States v. Resnick*, No. 1:12-CR-152-CM, Dkt No. 461 (S.D.N.Y. April 2, 2020) (compassionate release granted over Government Opposition based on alleged lack of administrative remedies; Defendant Ordered Released immediately without 14 day quarantine); *United States v. Foster*, No. 1:14-CR-324-02, Dkt. No. 191 (M.D. Pa. April 3, 2020) (Court notes that it is necessary for us "to remain the civilized society we hold ourselves out to be," and releasing inmate whose chronic lung disease the court found "may very well equate a COVID-19 diagnosis with a death sentence."); *United States v. Colvin*, No. 3:19-CR-179-JBA (D. Conn. April 2, 2020) (Defendant released without exausting Administrative Remedies due to COVID-19 danger); *United States v. Muniz*, Case No. 4:09-CR-199, Dkt. No. 578 (S.D. Tex. Mar. 30, 2020) (releasing defendant serving 188-month sentence for drug conspiracy in light of COVID-19 vulnerability;

> "[W]hile the Court is aware of the measures taken By the Federal Bureau of Prisons, News reports of the virus's spread in detention centers within the United States and beyond our borders in China and Iran demonstrates that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection");

*United States v. Bolston*, Case No. 1:18-CR-382-MLB, Dkt. No. 20 (N.D. Ga. Mar 30, 2020) (releasing defendant in part because "the danger inherent in his continued incarceration at the

-7-

R.A. Deyton Detention Facility... during the COVID-19 outbreak justifies his immediate release from custody"); <u>United States v. Powell</u>, No. 1:94-CR-316-ESH, Dkt. No. 98 (D.D.C. Mar. 28, 2020) (granting unopposed motion for compassionate release in light of COVID-19 and finding it "would be futile" to require defendant to first exhaust in light of open misdemeanor case); <u>United States v. Copeland</u>, No. 2:05-CR-135-DCN (D.S.C. Mar. 24, 2020)(granting compassionate release to defendant in part due to "Congress's desire for courts to release individuals the age defendant is, with the ailments that the Defendant has during this current pandemic")

## Conclusion

I am not quite sure if this letter would qualify as a motion, pleading, or letter, this is the reason I have not labeled it as such. I remember at my sentencing you had said that "[you] look forward to welcoming you [me] back into the community if I [you] should one day see you walking down the street." You also called me intelligent, I too would like a chance to be welcomed back into the community, however if I catch COVID-19 here that will be unlikely given my 23 years as a cigarette smoker, having pneumonia and respitory issues (that are documented, but as a prisoner, I do not know how to get), with a virus that primarilly attacks the respitory system.

I believe my statements are meritorious in nature, but fear that if not acted upon sooner rather than later will fail to provide any real relief or benifit. Under § 3582(c)(1)(A)(i) is listed for modification of a term of imprisonment "extraordinary and compelling reasons

-8-

warrent a reduction", I feel as do the cited judgements that the COVID-19 pandemic qualifies as such. Under §3582 (C)(1)(A)(i) it states that the term reduction upon determining applicability should consider factors in §3553(a). I feel that these do warrent a reduction. I feel that a just punishment for my offense should not be a potential death sentence, and a temporary stay, or additional monitoring, or additional home confinement would be sufficient to fufill the Mandate in §3553(a)(2)(A). More than adequate deterrance has been provided to criminal conduct. This is proven in my 1-2 years on pre-release with absolutely no issues, as well as the reaction of the public in articles that where allowing commenting (such as; vtdigger; "obviously, vermont does not practice catch and release"), thus fufilling §3553(a)(2)(B). §3553(a)(2)(C), states "to protect the public from further crimes of Defendant." Your Honor gave me pre-Release, which I feel indicative of my threat level to the community.

    What I did was wrong. I have never disputed that. I have admitted to everything that I have done with no reservation, and accepted the consequences. Not once did I debate them. A potential death sentence, is <u>not</u> (emphasis added) just. Please, give me a chance to reenter the community that I voluntarily left when gave me the ability to surrender to federal prison on my own. Currently I am a Low security inmate (as of 4/12/20), but after my first review (4/15/20) I will be a minimum security inmate, and eligible for a camp.

Thank you, for your time and consideration in this matter Judge Crawford,

-9-

Sam Bent 4/12/20

Hon. Geoffrey W. Crawford,

As of the writing of this (4/14/20), I have had nothing come back to me in regards to my "Inmate Request for Compassionate Release form". Before submitting it I made copies, I have included one. It has been well over the 30-days they are allowed to take to respond.

Please, also note that this is part 1 of my letter or motion to your honor.

Thank you for your time and consideration. I have marked the copy of the form as "Exhibit A", on top of it.

Respectfully,

[signature]