UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA, )
)
v. ) Case No. 5:18-cr-61
)
SAM BENT, )
)
Defendant. )

## ORDER ON MOTION FOR COMPASSIONATE RELEASE
(Doc. 77)

Defendant has filed a motion for compassionate release pursuant to 18 U.S.C. §. 3582(c)(1)(A)(i). The court applies the criteria previously identified in *United States v. Zullo*, Docket No. 1:09-cr-64-2, as well as the factors identified in 18 U.S.C. § 3553. To these, the court has added consideration of additional factors giving rise to the original sentence as directed by the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

On August 2, 2019, the court sentenced defendant to a term of 60 months for violations of conspiracy to distribute controlled substances and money laundering. In imposing the sentence, the court accepted the parties' 11(c)(1)(C) plea agreement which proposed the 60-month sentence. The court permitted defendant to self-surrender on October 1, 2019.

Mr. Bent is currently held at the work camp at FMC Devens. He has sought release through the administrative process and has been denied by the warden. Doc. 77-16, 77-17. He has exhausted his administrative remedies.

The court previously denied a motion for compassionate release on May 4, 2020.

In ruling on this motion, the court has considered the following factors:

**Evidence of increased susceptibility to COVID-19 disease**

Defendant is 35 years old. He suffers from high blood pressure. In December 2020, he tested at 163/89 and 146/91 on two occasions. His hypertension places him at elevated risk for COVID-19 disease. He weighs 167 pounds and stands 5'3" with a body mass index of 29.04. (Doc. 77-21). Obesity is a well-recognized risk factor for COVID-19 disease. He is a former smoker. A history of smoking is also a risk factor. He also has some symptoms of asthma. Defendant is at higher-than-average risk of experiencing a more severe course of COVID-19 disease if he becomes infected.

The FMC Devens medical staff identified defendant as a person at risk of COVID-19 due to obesity. (Doc. 77-12). In a referral form sent for further review by BOP, FMC Devens advised that "it is of our opinion, the potential of exposure for inmates at the camp, based on the institution's operational needs, presents a population management risk for inmate Bent." He did not meet criteria for administrative release because he had served only 23.1 percent of his sentence as of the date of the referral and because he had the prior convictions for threatening and assault and battery with a dangerous weapon in 2004. (Doc. 77-12).

The pleadings indicate that FMC Devens has commenced vaccinating its staff and inmates. It is not clear whether defendant has received a vaccination yet.

**Completion of at least 50 percent of a term of imprisonment**

Defendant has served 18 months of his 60-month sentence. His projected release date is January 3, 2024. He has approximately 33 months remaining on the incarcerative portion of his sentence. The total incarcerative term is 51 months (October 2019 – December 2023). He has served approximately 35 % of this period or 30 % of the entire sentence.

2

**Low risk of violence or recidivism**

Defendant presents a low risk of violence. His offense conduct occurred over the internet where he bought and sold controlled substances anonymously through the use of bitcoin. At the time of his arrest, law enforcement found a loaded rifle in his bedroom. At sentencing, the court imposed a two-point enhancement for the dangerous weapon. There is no evidence that he threatened anyone with the firearm and due to the online nature of the crime, conducted without meeting his sources of supply or his customers in person, threats or violence would not be expected.

Defendant was convicted of assault and making threats in 2004 at the age of 18. He was convicted of vandalism in 2005. These offenses are too old to provide a basis for predicting violent behavior today over fifteen years later.

Recidivism appears unlikely. Defendant developed an online marketplace for illegal drugs modeled after sites maintained by more conventional retailers. From the day of his arrest, defendant has cooperated with law enforcement. He confessed immediately and described the nature of his criminal enterprise. He complied with conditions of pre-trial release and self-reported as directed. Through his conduct, he demonstrated his intention of changing his conduct and returning to a law-abiding manner of life.

**Conduct in prison**

Defendant's behavior in prison has been excellent. He has completed numerous courses, including a 40-hour drug education class, and held jobs as a medical orderly. He has also cleaned vehicles and shoveled snow after hours. He has no discipline history. It is clear that he has sought to make the best of the opportunities open to him.

**Section 3553 factors**

Defendant's crime was serious. He was primarily a dealer in marijuana and hashish but he sold other drugs, including morphine, LSD, MDMA, and cocaine on occasion. His personal background and history are generally positive. He was involved in several violent crimes at age 18. He remained free of convictions after age 20 (2006) until the current offense conduct which began in 2017 and lasted approximately one year. When defendant was caught, he was fully cooperative with law enforcement and revealed his activities in detail. He worked essentially alone except for his cousin Djeneba Bent. He was not part of a larger criminal organization. The crime appears to have been an opportunistic effort to make money quickly. Defendant is intelligent and organized. He quickly developed a relatively large internet-based marketplace.

Defendant is a good candidate for successful supervision in the community. He has employable skills. He has a family residence where he is welcome. He has the support of his wife and children. He is highly motivated to remain out of prison in the future.

The purpose of punishment is met by 18 months of incarceration.

Defendant's arrest following an undercover investigation, his conviction, and sentencing followed by a year and a half of incarceration during the COVID emergency provide a strong basis for individual deterrence. These events should also deter other individuals who might consider establishing similar marketplaces on the dark web.

## CONCLUSION

The court concludes that compassionate release is appropriate at this time. The extraordinary and compelling reasons required by 18 U.S.C. § 3582(c)(1)(A) include the current health emergency, defendant's susceptibility to a serious course of illness, and the section 3553 factors which indicate that further incarceration is not necessary to achieve the purposes of the

4

court's original sentence. The court recognizes that one of the *Zullo* factors – service of at least half of the period of incarceration – is not yet present. The other factors considered by the court support compassionate release and outweigh that single factor.

The court vacates the existing sentence and imposes a sentence of time-served, effective April 24, 2021. The other terms of the sentence, including the period of supervised release, remain in effect.

Dated at Burlington, in the District of Vermont, this 16th day of April, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court